```
                IN THE UNITED STATES DISTRICT COURT

              FOR THE EASTERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| ROBERT A. LUCIANO, JR., Trustee of the Robert A. Luciano Jr. Revocable Trust Dated February 27, 1995,<br><br>           Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF AGRICULTURE; TOM VILSACK, Secretary of Agriculture; UNITED STATES FOREST SERVICE; TOM TIDWELL; RANDY MOORE; and EARL FORD; and DEB BUMPUS,<br><br>           Defendants. | 2:11-cv-01831-GEB-KJN<br><br>ORDER STRIKING PLAINTIFF'S MOTION TO AUGMENT THE ADMINISTRATIVE RECORD AND DENYING PLAINTIFF'S EX PARTE APPLICATION |

On December 13, 2012, Plaintiff filed an Ex Parte Application to Modify the Status Order, requesting "that the Court modify the scheduling order by extending the current deadlines for the filing of dispositive motions . . . by a minimum of three (3) weeks or," in the alternative, "that the Court issue an order shortening the time in which Plaintiff's Motion to Augment the Administrative Record, [also filed on December 13, 2012,] may be heard." (Pl.'s Ex Parte Appl. 3:18-23.) Plaintiff's Motion to Augment the Administrative Record was noticed for hearing on January 22, 2013, and the September 12, 2012 Status Order prescribes that Plaintiff shall file his motion for summary judgment no later than January 14, 2013. See ECF No. 25, 2:6-7.

1 | Plaintiff states his "application is made on the grounds that
2 | good cause exists to modify the scheduling order, and Plaintiff has
3 | exercised due diligence in the conduct of this litigation . . . ." Id.
4 | at 2:7-9. In essence, Plaintiff argues that he seeks to augment the
5 | administrative record with the deposition testimony of six government
6 | officials and that said testimony "is critical for effective judicial
7 | review of the instant case." Id. at 4:1-3; see also Decl. of Richard
8 | Hart in Supp. of Ex Parte Appl. ¶¶ 2-3, Ex. A. Plaintiff further argues
9 | that his counsel received "the last deposition transcript sought to be
10 | admitted" on December 3, 2012. Id. at 4:3-4, 4:18-21.

11 | Defendants oppose Plaintiff's ex parte application, stating
12 | neither Plaintiff's request "to extend the deadline for filing his
13 | summary judgment motion" or "to shorten time for hearing his motion to
14 | augment" should be granted. (Defs.' Opp'n 2:3-5.) Defendants argue "[a]
15 | shortened hearing schedule would not allow [Defense counsel the]
16 | opportunity to file a complete response to Plaintiff's Motion to
17 | Augment" because "[s]he will be out of the Sacramento area both for work
18 | and on leave from December 18, 2012, until January 2, 2013." Id. 2:6-10.
19 | Defendant further argues that "Plaintiff has waited until . . . four
20 | months after the deadline set out in the Scheduling Order to move to
21 | augment the record[,]" and Plaintiff "should not be rewarded for his
22 | improper and dilatory behavior by gaining an unnecessary extension of
23 | his deadline to file his summary judgment motion . . . ." Id. 2:12-3:4.

24 | The June 19, 2012, Status Order referenced that "the parties
25 | . . . dispute whether . . . the administrative record may need to be
26 | supplemented in this action" and prescribed: "Plaintiff shall file a
27 | motion . . . to augment the administrative record no later than August
28 | 13, 2012 . . . ." (ECF No. 22, 1:20-25.) Plaintiff's motion to augment

2

the administrative record was filed four months after this deadline; therefore it is stricken.

Further, Plaintiff's ex parte application is DENIED since Plaintiff has neither shown good cause to modify the status order to extend the "deadlines for the filing of dispositive motions," nor "circumstances . . . justify[ing] the issuance of an order shortening time." E.D. Cal. R. 144(e). A review of the Declaration of Richard Hart filed in support of Plaintiff's Motion to Augment the Administrative Record, and attached exhibits, evince that the deposition testimony sought to be admitted was taken in an inverse condemnation action pending in the United States Court of Federal Claims entitled <u>Luciano v. United States</u>, Case No. 11-439. Plaintiff's counsel avers he is also "counsel for Mr. Luciano in [that action]" and "personally conducted all of the depositions sought to be admitted" in this case. (Decl. of Richard Hart in Supp. of Mot. to Augment ¶¶ 2, 4, 12-14, 39, Exs. B-E.) Four of the six depositions at issue were taken on August 13, 2012, August 22, 2012, August 28, 2012, and November 7, 2012, respectively.[1] Since Plaintiff's counsel conducted each of these depositions, it is unknown why he did not determine that the testimony was pertinent to this action until he received "the last deposition transcript" on December 3, 2012.

Dated:  December 19, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] Plaintiff's filings do not evince when the other two depositions were taken.