UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. LUCIANO, JR., Trustee Of The Robert A. Luciano Jr. Revocable Trust Dated February 27, 1995,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF AGRICULTURE; TOM VILSACK, Secretary of Agriculture; UNITED STATES FOREST SERVICE; TOM TIDWELL, Chief Forester; RANDY MOORE, Regional Forester of the Pacific Southwest Region; EARL FORD, Forest Supervisor of the Plumas National Forest; and, DEB BUMPUS, District Ranger, Beckworth Ranger District,<br><br>Defendants. | No. 2:11-cv-01831-TLN-KJN<br><br>**ORDER** |

This matter is before the Court pursuant to the Honorable Judge Garland E. Burrell's March 28, 2013 Order requiring that both parties file supplemental briefing addressing whether Plaintiff's claims under the Administrative Procedures Act ("APA") challenging Defendants' decisions to deny Plaintiff's land exchange proposals are judicially reviewable. (ECF 63.) For the reasons set forth below, the Court finds that it has subject matter jurisdiction over Plaintiff's

1

claims.[1]

## BACKGROUND

In February 1874, Ezra Culver moved to Plumas County, California on Lot 2 of the NE 1/4 of Section 1, T22N, R12E (hereinafter, "Lot 2") and subsequently received Homestead Patent No. 1523 for 40.70 acres on Lot 2 on May 10, 1882. (Compl., ECF 1 at ¶ 23.) Lot 2 contains a framed dwelling (cabin and root cellar) built and previously occupied by Ezra Culver. (ECF 1 at ¶ 27.) In 1993, a resurvey of the land by Defendants altered the southern boundary line of Lot 2. (ECF 1 at ¶ 24.) As a result of the resurvey, Defendants claim that the boundary of Lot 2 bisects the framed dwelling and therefore the dwelling "encroaches" on its land. (ECF 1 at ¶¶ 25, 27.) Plaintiff alleges to have purchased Lot 2 in 1995 in reliance upon the longstanding boundaries and with no actual knowledge that the 1993 resurvey by Defendants purported to shift the southern boundary of Lot 2 to divide the original dwelling in half. (ECF 1 at ¶ 26.) Plaintiff further alleges to have attempted to resolve the boundary dispute with Defendants through several Small Tracts Act ("STA") applications and other land exchange proposals. (ECF 1 at ¶ 28.) Plaintiff claims to have purchased additional private lands that were proposed to be exchanged for the federal land adjoining his property. (ECF 1 at ¶ 30.) Defendants have denied all of Plaintiff's proposals and refused to consider any future proposals. (ECF 1 at ¶ 29.) Defendants have demanded Plaintiff remove the dwelling under threat of prosecution for trespass. (ECF 1 at ¶ 27.)

Plaintiff filed this action for declaratory relief pursuant to the provisions of the APA, 5 U.S.C. §§ 701-706. (ECF 1 at ¶ 3.) Plaintiff claims that a land exchange to resolve the boundary dispute represents the most straightforward means to remedy the alleged encroachment caused by the moving of the southern boundary of Plaintiff's property. (ECF 1 at ¶ 28.) Plaintiff alleges that Defendants' decision to deny his land exchange proposals were arbitrary and capricious and were in violation of, and in excess of, Defendants' authority under the National Forest Management Act ("NFMA"), 16 U.S.C. § 1600 *et seq.*, the Federal Land Policy and Management

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

Act ("FLPMA"), 43 U.S.C. § 1701 *et seq.*, the National Wild and Scenic Rivers Act ("WSRA"), 16 U.S.C. § 1271 *et seq.*, the STA, 16 U.S.C. §§ 521c–521i, applicable regulations of the Secretary of Agriculture, and the Plumas National Forest Land and Resource Management Plan. (Pl.'s Supplemental Br. Regarding Jurisdiction, ECF 68 at 2.)  Plaintiff further contends that the United States Forest Service ("USFS") has failed to act in accordance with applicable provisions of the Forest Service Manual.  (ECF 68 at 2.)

## STANDARD

Plaintiff 's suit is governed by the APA, 5 U.S.C. § 500 *et seq*. The APA confers a variety of claims upon persons "adversely affected or aggrieved by agency action within the meaning of a relevant statute."  5 U.S.C. § 702.  The APA dictates that certain conduct is unlawful when "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).  However, the APA precludes judicial review of agency decisions when: (1) "statutes preclude judicial review;" or (2) "agency action is committed to agency discretion by law."  5 U.S.C. § 701(a)(1)(2).

The APA creates a "presumption favoring judicial review of administrative action." Sackett v. E.P.A., 132 S. Ct. 1367, 1373 (2012).  The APA exception from judicial review for action "committed to agency discretion," 5 U.S.C. § 701(a)(2), is a "very narrow exception." Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 410 (1971), abrogated on other grounds by Califano v. Sanders, 430 U.S. 99 (1977).  "The legislative history of the Administrative Procedure Act indicates that it is applicable in those rare instances where 'statutes are drawn in such broad terms that in a given case there is no law to apply.' S. Rep. No. 752, 79th Cong., 1st Sess., 26 (1945)."  Id.

## ANALYSIS

In this action, Plaintiff challenges Defendants' refusal to accept Plaintiff's various proposals for the exchange of Plumas National Forest land with Plaintiff's private lands under several statutes, most notably the STA and the FLPMA.  (ECF 1 at ¶¶ 1, 30.)  Defendants argue that this claim is not judicially reviewable because "[t]he STA explicitly commits decisions

3

regarding land transfers between the Forest Service and private parties to the discretion of the Secretary of Agriculture." (Defs.' Supplemental Br. on the Issue of Agency Discretion, ECF 66 at 2.)

In determining if an agency action is exempted from judicial review under 5 U.S.C. § 701(a)(2), a court must determine whether the discretionary power at issue is so broad "that the court cannot discern from the language of the statute, or from legislative intent, a legal basis upon which to review the Secretary's exercise of his discretion . . . ." Strickland v. Morton, 519 F.2d 467, 468 (9th Cir. 1975). "Whether and to what extent a particular statute precludes judicial review is determined not only from its express language, but also from the structure of the statutory scheme, its objectives, its legislative history, and the nature of the administrative action involved." Block v. Cmty. Nutrition Inst., 467 U.S. 340, 345 (1984). Therefore, to determine if the Defendants' actions were committed to agency discretion by law this Court must analyze the language and background of the statutes Plaintiff challenges.

The statutory language of the STA provides that "[t]he Secretary is authorized, when the Secretary determines it to be in the public interest . . . to sell, exchange or interchange . . . title . . . of the United States in and to National Forest System Lands . . . ." 16 U.S.C. § 521d(1). The statute also requires the Secretary to issue regulations establishing criteria for making public interest determinations. 16 U.S.C. § 521h(1). The implementing regulations specifically define criteria to assess whether or not encroachments might qualify for exchange under the STA, and provide that "Forest Service officials shall consider . . . [5] factors when determining whether to convey lands upon which encroachments exist." 36 C.F.R. § 254.32(b).[2] Accordingly, although the Secretary has some discretion in determining whether or not to exchange lands under the STA, the statute requires that the Secretary's decision is consistent with the specific factors laid out in 36 C.F.R. § 254.32(b).

---

[2] Those factors, explicitly laid out in the regulations, are: (1) The location of the property boundaries based on historical location and continued acceptance and maintenance, (2) Factual evidence of claim of title or color of title, (3) Notice given to persons encroaching on National Forest System lands, (4) Degree of development in the encroached upon area, and (5) Creation of an uneconomic remnant.

These explicit statutory standards provide substantial law upon which a court can review agency decisions and suggests that judicial review of the agency's actions under the STA is available. Indeed, at least one court has in fact reviewed a USFS' decision to exchange land under the STA. See Citizens' Comm. to Save Our Canyons v. U. S. Forest Serv., 297 F.3d 1012 (10th Cir. 2002) (analyzing the statutory language and implementing regulations of the STA with regards to exchange and valuation of a mineral-fraction exchange).

Similarly, the statutory language of the FLPMA expressly provides that Congress intended "judicial review of public land adjudication decisions be provided by law." 43 U.S.C § 1701(a)(6). This is underscored by section 1716 of the FLPMA, which governs "[e]xchanges of public lands or interest therein with the National Forest System," and provides specific criteria that the Secretary "shall give full consideration to" in making land exchange determinations. 43 U.S.C § 1716(a). As with the STA, the statutory criteria in the FLPMA provides substantial law upon which a court can review agency decisions. Indeed, numerous courts have reviewed federal land management decisions regarding land exchange proposals under the FLPMA. See e.g., Greer Coal., Inc. v. U.S. Forest Serv., 470 F. App'x 630 (9th Cir. 2012); Nat'l Parks & Conservation Ass'n v. Bureau of Land Mgmt., 606 F.3d 1058 (9th Cir. 2010); Ctr. for Biological Diversity v. U.S. Dep't of Interior, 623 F.3d 633 (9th Cir. 2010); Shasta Res. Council v. U.S. Dep't of Interior, 629 F. Supp. 2d 1045 (E.D. Cal. 2009); Desert Citizens Against Pollution v. Bisson, 231 F.3d 1172 (9th Cir. 2000); Lodge Tower Condominium Ass'n v. Lodge Props., 85 F.3d 476 (10th Cir. 1996); N. Plains Res. Council v. Lujan, 874 F.2d 661 (9th Cir. 1989).

Defendant's reliance on Ness Inv. Corp. v. U.S. Dept. of Agr., Forest Serv., 512 F.2d 706 (9th Cir. 1975) is misplaced. In Ness, the Ninth Circuit declined to exercise jurisdiction under the APA over an action challenging the USFS' denial of a special use permit, finding that the statute authorizing the Secretary to issue permits was "drawn in such broad terms that there was no law to apply." Id. at 715. However, Ness was superseded by KOLA, Inc. v. United States, 882 F.2d 361 (9th Cir. 1989), in which the Ninth Circuit held that it did have subject matter jurisdiction to review the USFS' decisions because USFS regulations (promulgated after Ness) imposed specific

obligations on USFS' consideration of special use permits.  Id. at 363–64.  The regulations governing land exchange proposals under the STA and FLPMA, as described *supra*, also provide specific criteria upon which the Secretary shall make decisions, and thus, there are sufficiently detailed standards upon which the court can review those decisions.

## CONCLUSION

The express statutory language and abundance of case law reviewing land exchange proposals necessitate the conclusion that Plaintiff's APA claims are judicially reviewable.  Accordingly, this Court finds there IS subject matter jurisdiction.

IT IS SO ORDERED.

Dated:  August 15, 2013

Troy L. Nunley
United States District Judge